IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JESSICA J. HEDMAN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>KILOLO KIJAKAZI, )<br>*Acting Commissioner of Social Security*, )<br>)<br>Defendant. ) | Civil Action No. 22-135-E |

O R D E R

AND NOW, this 26th day of September, 2023, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)). *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff argues that the Administrative Law Judge ("ALJ") erred in failing to evaluate her refractory migraine headaches at Step Two of the sequential analysis set forth in the Social Security Administration's regulations and in formulating her residual functional capacity ("RFC"). She further agues that the ALJ failed to adequately explain the basis for the limitations as to handling

and fingering contained in the RFC. The Court disagrees on both counts and finds that the ALJ's decision is supported by substantial evidence.

First, the Court notes that the Step Two determination as to whether a claimant is suffering from a severe impairment is a threshold analysis requiring the showing of only one severe impairment. *See Bradley v. Barnhart*, 175 Fed. Appx. 87, 90 (7th Cir. 2006). Accordingly, so long as a claim is not denied at Step Two, it is not generally necessary for the ALJ specifically to have found any additional alleged impairment to be severe. *See Salles v. Comm'r of Soc. Sec.*, 229 Fed. Appx. 140, 145 n.2 (3d Cir. 2007); *Lee v. Astrue*, Civ. No. 06-5167, 2007 WL 1101281, at *3 n.5 (E.D. Pa. Apr. 12, 2007); *Lyons v. Barnhart*, Civ. No. 05-104, 2006 WL 1073076, at *3 (W.D. Pa. Mar. 27, 2006); *Gerald v. Berryhill*, No. 3:17-CV-00575, 2018 WL 7364649, at *5 (M.D. Pa. Oct. 12, 2018), *report and recommendation adopted*, No. CV 3:17-575, 2019 WL 719829 (M.D. Pa. Feb. 19, 2019). Here, the ALJ found that Plaintiff did have severe impairments to satisfy Step Two; since Plaintiff's claim was not denied at that step, it does not matter whether the ALJ erred in failing to find that Plaintiff's migraine headache condition was also a severe impairment.

However, Plaintiff is correct that it does matter whether the ALJ properly accounted for the limitations caused by any impairments in formulating Plaintiff's RFC. In assessing a claimant's RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8p, 1996 WL 374184 (S.S.A.), at *5 (July 2, 1996). *See also* 20 C.F.R. § 404.1545(a)(2). "While a 'not severe' impairment(s) standing alone may not significantly limit an individual's ability to do basic work activities, it may – when considered with limitations or restrictions due to other impairments – be critical to the outcome of a claim." SSR 96-8p at *5. Accordingly, merely because the ALJ did not find Plaintiff's refractory migraine headaches to constitute a severe impairment does not mean that this condition could not still have affected Plaintiff's RFC. However, here the ALJ adequately addressed Plaintiff's claims of headaches in crafting the RFC.

The Court first notes that mention of migraine headaches is very sparse within the ample record of this case. Plaintiff did not list migraines as a basis for disability in her Disability Report (R. 871), and her attorney did not identify them as one of Plaintiff's alleged impairments in her pre-hearing brief. (R. 978). Moreover, migraine headaches were not directly addressed at the administrative hearing. Plaintiff's attorney provided an extensive list of alleged impairments at the hearing but did not mention headaches at all. (R. 734-39). Plaintiff testified about the pain in her head and feeling dizzy and sick to her stomach but did not expressly attribute this to migraines. (R. 767-68). The record contains mention of migraine headaches in a treatment note from Dolores Santamaria, M.D., dated March 25, 2020 (R. 1638-79), but very few other mentions of headaches at all. Those earlier references are passing ones, spread out over several years, that provide no real information regarding the severity of Plaintiff's headaches or their impact on her ability to work. (R. 1066, 1391, 1541). As the Commissioner points out, the record actually demonstrates a lack of consistent complaints regarding headaches. It is within this context that the Court considers the sufficiency of the ALJ's discussion.

As the parties both acknowledge, the ALJ's only discussion arguably pertaining to headaches was mentioning Plaintiff's hearing testimony that "her head hurts a lot" and that "[i]t

makes her sick to her stomach and dizzy." (R. 716). Plaintiff contends that this does not fairly address the issues. In other contexts, the Court might agree, but here there is so little evidence of migraine headaches that the ALJ's consideration was sufficient. When crafting the RFC, the issue is not whether a claimant has been diagnosed with a specific condition, but what functional limitations the condition cause. *See Walker v. Barnhart*, 172 Fed. Appx. 423, 426 (3d Cir. 2006). Dr. Santamaria confirmed the diagnosis of migraine headaches but did not shed any light on what specific functional limitations the headaches might cause. The only possible evidence of the actual functional impact of the headaches came from Plaintiff's own vague testimony, and as noted, the ALJ did address that testimony. The ALJ was not, of course, required to accept Plaintiff's testimony without question, *see* 20 C.F.R. § 404.1529(c)(4); *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 363 (3d Cir. 2011), and here found that Plaintiff's testimony regarding the limiting effects of her symptoms was not fully supported by the record. Substantial evidence supports that finding, especially in light of the significant deference given to findings regarding the "credibility" of a claimant's testimony. *See Horodenski v. Comm'r of Soc. Sec.*, 215 Fed. Appx. 183, 188-89 (3d Cir. 2007); *Reefer v. Barnhart*, 326 F.3d 376, 380 (3d Cir. 2003).

Plaintiff argues, though, that Dr. Santamaria did not merely diagnose Plaintiff with migraines but characterized them as "debilitating" and "disabling" and as occurring on a daily basis. (R. 1642, 1646). However, it does not appear that Dr. Santamaria was offering an opinion as to the severity of Plaintiff's headaches, but rather recounting Plaintiff's description of her symptoms from their one visit during the relevant time period. Indeed, she specifically referenced Plaintiff's own headache journal as the basis for her statements. (R. 1642). The Court further notes that at the hearing Plaintiff identified Dr. Santamaria as treating her for POTS rather than migraines. (R. 763). Regardless, even if these statements could be treated as Dr. Santamaria's opinions, such pronouncements are not considered "medical opinions" insofar as the opinion goes to an issue reserved to the Commissioner. *See* 20 C.F.R. § 404.1520b(c)(3)(i). It is well established that an ALJ "need not mention every piece of evidence in the record." *Beety-Monticelli v. Comm'r of Soc. Sec.*, 343 Fed. Appx. 743, 747 (3d Cir. 2009). Here, given the lack of applicability of Dr. Santamaria's notes as to Plaintiff's functional limitations, there was no need for further discussion. Again, this is particularly true given that migraine headaches were, at best, a tangential issue in this case. The ALJ's discussion was short, but given the nature of the evidence, there was no reason to expect much more.

Plaintiff's second argument is that the ALJ failed to adequately explain how he determined that Plaintiff was restricted to frequent handling and fingering with her right hand as opposed to some greater level of restriction. Plaintiff is correct, of course, that substantial evidence must support an ALJ's findings as to the claimant's RFC, and the ALJ must provide an adequate explanation as to how he formulated the RFC. *See Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 121-22 (3d Cir. 2000); *Fargnoli v. Massanari*, 247 F.3d 34, 41 (3d Cir. 2001); SSR 96-8p, 1996 WL 374184, at *7 (S.S.A. July 2, 1996). However, such is the case here.

The ALJ specifically addressed Plaintiff's issues with her hands, acknowledging the failed right hand ligament repair and her complaints of swelling and pain. However, he also discussed evidence showing less serious symptoms, such as clinical findings that included findings by her hand surgeon that she was not "ligamentously lax" and that she was

3

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 13) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 15) is GRANTED as set forth herein.

s/Alan N. Bloch  
United States District Judge

ecf:        Counsel of record

---

neurologically and vascularly intact. He also discussed how her limited treatment and activities of daily living were not consistent with more serious manipulative limitations. (R. 716-18). He further considered the opinion of state consulting agent Diane Fox, M.D., explaining that while Dr. Fox found that Plaintiff had no manipulative limitations (R. 788), he was reducing Plaintiff to frequent handling and fingering to account for the evidence of some right-hand issues. (R. 719). Other than Plaintiff's testimony, which again, the ALJ found to be not fully consistent with the record, there was no real contradictory evidence. No physician, for instance, opined that Plaintiff's handling and fingering would be limited to less than frequently. The only suggestion that Plaintiff should be limited to occasional handling and fingering came from her own attorney at the hearing. (R. 777-78). Given this context, the ALJ's explanation as to the manipulative limitations in the RFC was sufficient.

   Accordingly, the Court finds that the ALJ applied the proper legal standards and that substantial evidence supports his findings. The Court will therefore affirm.